09-0754-ag
Sun v. Holder

BIA
Morace, IJ
A099 429 085

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 4th day of May, two thousand ten.

PRESENT:
      ROBERT D. SACK,
      ROBERT A. KATZMANN,
      RICHARD C. WESLEY,
         *Circuit Judges.*

_____

XIAO HONG SUN,
      *Petitioner,*

     v.                       09-0754-ag
                               NAC

ERIC H. HOLDER, JR.,
UNITED STATES ATTORNEY GENERAL,
      *Respondent.*

_____

FOR PETITIONER:      Liu Yu, New York, N.Y.

FOR RESPONDENT:      Tony West, Assistant Attorney General; Ernesto H. Molina, Jr., Assistant Director; D. Nicholas Harling, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, DC

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED, that the petition for review is DENIED.

Xiao Hong Sun, a native and citizen of the People's Republic of China, seeks review of a January 30, 2009, order of the BIA affirming the April 16, 2007, decision of Immigration Judge ("IJ") Philip L. Morace, which denied Sun's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Xiao Hong Sun*, No. A099 429 085 (BIA Jan. 30, 2009), *aff'g* No. A099 429 085 (Immig. Ct. N.Y. City Apr. 16, 2007). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we review the IJ's decision including the portions not explicitly discussed by the BIA. *Yun-Zui Guan v. Gonzales*, 432 F.3d 391, 394 (2d Cir. 2005). The applicable standards of review are well-established. *See* 8 U.S.C. § 1252(b)(4)(B); *Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 167 (2d Cir. 2008)("We defer . . . to an IJ's credibility determination unless, from the totality of the circumstances, it is plain that no

reasonable fact-finder could make such an adverse credibility ruling."); *Salimatou Bah v. Mukasey*, 529 F.3d 99, 110-11 (2d Cir. 2008).

Substantial evidence supports the agency's adverse credibility determination. *See Xiu Xia Lin*, 534 F.3d at 167. The IJ found Sun's testimony not credible based on: (1) her testimony that her friend, Feng Mei Liu, was the same age, even though Liu's identity card indicated she was seven years older; (2) her failure to provide reasonably available corroborating evidence; and (3) her inability to respond to questions regarding the details of her claim. We are not compelled to find error in any of these findings, or in the IJ's refusal to credit the explanations Sun offered. *See id*; *Majidi v. Gonzales*, 430 F.3d 77, 80-81 (2d Cir. 2005). We also accord particular deference to the IJ's assessment of Sun's demeanor, specifically, his observation that Sun appeared to be testifying from a script because she could not provide details not included in her asylum application. *See Majidi*, 430 F.3d at 81 n.1. Moreover, having called her testimony into question, the IJ reasonably found that Sun failed to provide evidence corroborating her claim. *See Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d

3

315, 341 (2d Cir. 2006).

Accordingly, because each of Sun's claims was based on the same factual predicate, the IJ reasonably denied Sun's applications for asylum, withholding of removal, and CAT relief. *See Paul v. Gonzales*, 444 F.3d 148, 156 (2d Cir. 2006).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, the pending motion for a stay of removal in this petition is DISMISSED as moot.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk